1

2

3

4

5

6

7

8

9

10              **IN THE UNITED STATES DISTRICT COURT**

11            **FOR THE EASTERN DISTRICT OF CALIFORNIA**

12

13   GBTI, INC., GILL BROS. TRUCKING,          CASE NO. CV F 09-1173 LJO DLB
     et al.,
14                                             **ORDER ON DEFENDANTS' F.R.Civ.P. 12**
                      Plaintiffs,              **MOTIONS**
15                                             (Doc. 4.)
          vs.
16
     INSURANCE COMPANY OF THE
17   STATE OF PENNSYLVANIA, et al,

18                   Defendants.
     _____/
19

20   _____**INTRODUCTION**

21   _____Defendant insurance agent seeks to dismiss plaintiff insureds' breach of contract and bad faith

22   claims as a matter of law.  Defendants insurer and insurance agent further seek to strike allegations

23   regarding issuance of a policy and punitive damages.  Plaintiff insureds filed no opposition papers.  This

24   Court considered defendant insurer and insurance agent's F.R.Civ.P. 12(b)(6) motion to dismiss and

25   F.R.Civ.P. 12(f) motion to strike on the record and VACATES the August 10, 2009 hearing, pursuant

26   to Local Rule 78-230(c), (h).  For the reasons discussed below, this Court DISMISSES plaintiffs' claims

27   against defendant insurance agent and STRIKES allegations regarding issuance of a policy and punitive

28   damages.

                                            1

## BACKGROUND[1]

### The Parties

Plaintiffs Harninder Gill, Harjinder Gill, Charan Gill, Pakhar Gill and Gurdial Gill were officers, directors, shareholders and employees of plaintiffs GBTI, Inc. ("GBTI") and Gill Bros. Trucking ("Gill Bros."). GBTI is an interstate motor carrier. GBTI and Gill Bros. owned, leased and operated trucking equipment.[2]

Defendant Insurance Company of the State of Pennsylvania ("ICSP") is an auto and trucking insurer. The complaint identifies as an authorized agent defendant The American International Group Inc. dba The Truck Insurance Group a division of American International Group Risk Management ("Truck").

### The Policies

In December 2004, ICSP and Truck (collectively "defendants") issued to GBTI a commercial automobile liability policy ("GBTI auto policy") and a commercial general liability policy ("GBTI CGL policy"). Also in December 2004, defendants issued to Gill Bros. a commercial general liability policy ("Gill Bros. CGL policy").[3]

### The Underlying Action

On August 14, 2005, a Gill Bros.' tractor trailer, which was leased to and operated by GBTI, was involved in a multi-vehicle collision in Missouri. The collision resulted in a consolidated personal-injury action in Missouri federal court ("underlying action"). On February 28, 2007, a complaint was filed to attempt to pierce the corporate veils of GBTI and Gill Bros.

In March 2007, plaintiffs tendered defense and indemnity of the underlying action to defendants, who on April 17, 2007 denied the tender.

---

[1]    The factual recitation is derived generally from plaintiffs' operative original complaint ("complaint"), the target of defendants' challenges.

[2]    GBTI, Gill Bros. and the individual plaintiffs will be referred to collectively as "plaintiffs."

[3]    Defendants note that plaintiffs do not attach to the complaint a copy of the Gill Bros. CGL policy but merely attach a certificate of liability insurance referencing commercial general liability policy no. SGL180710**3** and the certificate holder as "Gill Brothers Trucking." The complaint alleges that the GBTI CGL policy bears the same policy no. "SGL180710**3**" and that the Gill Bros. CGL policy no. is SGL180710**5**.

**Plaintiffs' Claims**

The complaint alleges that plaintiffs "were forced to retain private counsel to defend themselves" and "have incurred substantial costs attendant to the legal fees incurred" to defend the underlying action. The complaint alleges:

1.     A (first) breach of contract claim that "Defendants breached their contractual obligations to the Plaintiffs under the terms of all of the stated Policies" by "failing to defend" plaintiffs in the underlying action; and

2.     A (second) claim of tortious breach of the implied covenant of good faith and fair dealing in that defendants:

    a.     Failed to provide a defense when the potential for coverage existed;

    b.     Failed to provide a prompt and reasonable explanation to deny a defense;

    c.     Failed to conduct an independent investigation and analysis of potential coverage;

    d.     Failed to grant plaintiffs the benefit of doubt regarding potential or possibility for coverage;

    e.     Placed defendants' financial interests above plaintiffs' financial interests;

    f.     Engaged in conduct designed to defeat coverage;

    g.     Applied the policies' terms to defeat coverage without regard to the policies' express terms;

    h.     Compelled plaintiffs to initiate this action;

    i.     Failed to investigate plaintiffs' claim for defense fairly and objectively;

    j.     Denied a defense to plaintiffs based on an erroneous interpretation of the policies;

    k.     Ignored allegations and evidence to trigger the duty to defend;

    l.     Denied plaintiffs a defense without considering all information reasonably available;

    m.     Denied plaintiffs a defense based on speculation;

    n.     Misrepresented and overlooked important allegations in the underlying action;

1   and

2      o.  Failed to inquire and investigate all possible bases that might support a defense.

3     The complaint seeks to recover legal fees and expenses incurred to defend the underlying action

4   and emotional distress and punitive damages.

5           **TRUCK'S F.R.Civ.P. 12(b)(6) MOTION TO DISMISS**

6     Truck seeks to dismiss plaintiffs' breach of contract and bad faith claims in that it was not a party

7   to the policies issued to GBTI and Gill Bros.

8             **F.R.Civ.P. 12(b)(6) Standards**

9     A F.R.Civ.P. 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set

10   forth in the complaint. "When a federal court reviews the sufficiency of a complaint, before the reception

11   of any evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not

12   whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to

13   support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco*

14   *Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  A F.R.Civ.P. 12(b)(6) dismissal is proper where

15   there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a

16   cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling*

17   *v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

18     In resolving a F.R.Civ.P. 12(b)(6) motion, the court must:  (1) construe the complaint in the light

19   most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine

20   whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty*

21   *Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996).  Nonetheless, a court is "free to ignore legal

22   conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in

23   the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 765, 767 (8th

24   Cir. 2003) (citation omitted).  A court need not permit an attempt to amend a complaint if "it determines

25   that the pleading could not possibly be cured by allegation of other facts." *Cook, Perkiss and Liehe, Inc.*

26   *v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

27     "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

28   allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more

1  than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

2  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).

3  A complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*,

4  550 U.S. at 570, 127 S.Ct. at 1974. Moreover, a court "will dismiss any claim that, even when construed

5  in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of

6  action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998).

7       For a F.R.Civ.P. 12(b)(6) motion, a court generally cannot consider material outside the

8  complaint. *Van Winkle v. Allstate Ins. Co.*, 290 F.Supp.2d 1158, 1162, n. 2 (C.D. Cal. 2003).

9  Nonetheless, a court may consider exhibits submitted with the complaint. *Van Winkle*, 290 F.Supp.2d

10  at 1162, n. 2.  In addition, a "court may consider evidence on which the complaint 'necessarily relies'

11  if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3)

12  no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450

13  F.3d 445, 448 (9th Cir. 2006).  A court may treat such a document as "part of the complaint, and thus

14  may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United*

15  *States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.2003).  Such consideration prevents "plaintiffs from

16  surviving a Rule 12(b)(6) motion by deliberately omitting reference to documents upon which their

17  claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998).  A "court may disregard

18  allegations in the complaint if contradicted by facts established by exhibits attached to the complaint."

19  *Sumner Peck Ranch v. Bureau of Reclamation*, 823 F.Supp. 715, 720 (E.D. Cal. 1993) (citing *Durning*

20  *v. First Boston Corp*., 815 F.2d 1265, 1267 (9th Cir.1987)).  Moreover, "judicial notice may be taken

21  of a fact to show that a complaint does not state a cause of action."  *Sears, Roebuck & Co. v.*

22  *Metropolitan Engravers, Ltd*., 245 F.2d 67, 70 (9th Cir. 1956); *see Estate of Blue v. County of Los*

23  *Angeles*, 120 F.3d 982, 984 (9th Cir. 1997).  As such, this Court may consider the exhibits to plaintiffs'

24  complaint.

25                                    **Breach Of Contract**

26       Truck argues there is no contractual relationship between it and plaintiffs in that the contracting

27  parties are ICSP and GBTI.  Truck notes "there is no reference to Truck as the insurer on either the Auto

28  or General Liability policies" and that as a non-party, it is not subject to a breach of contract claim.

5

California Insurance Code section 22 defines insurance as "a contract whereby one undertakes to indemnify another against loss, damage, or liability arising from a contingent or unknown event." "An insurance policy is, fundamentally, a contract between the insurer and the insured." *Stein v. International Ins. Co.*, 217 Cal.App.3d 609, 613, 266 Cal.Rptr. 72 (1990). "[N]on-insurer defendants [are] not parties to the agreements for insurance." *Gruenberg v. Aetna Ins. Co.*, 9 Cal.3d 566, 576, 108 Cal.Rptr. 480 (1973).

The exhibits attached to the complaint indicate that Truck is neither an insurer nor a party to an insurance agreement with plaintiffs. Plaintiffs offer nothing to reveal that Truck is a party to contract subject to plaintiffs' claims in this action. This Court construes absence of plaintiffs' opposition as plaintiffs' concession that Truck is not subject to a breach of contract claim.

## Breach Of Implied Covenant Of Good Faith And Fair Dealing

Truck argues that it is not subject to a claim for breach of implied covenant of good faith and fair dealing in absence of a contractual relationship with plaintiffs.

"The prerequisite for any action for breach of the implied covenant of good faith and fair dealing is the existence of a contractual relationship between the parties, since the covenant is an implied term in the contract." *Smith v. City and County of San Francisco*, 225 Cal.App.3d 38, 49, 275 Cal.Rptr. 17 (1990). "California courts repeatedly have stressed that the covenant of good faith and fair dealing arises from a contractual relationship and is limited to the parties in that relationship." *U.S. for Benefit and Use of Ehmcke Sheet Metal Works v. Wausau Ins.*, 755 F.Supp. 906, 912 (E.D. Cal.1991). An insurer's duty of good faith and fair dealing "arises from a contractual relationship existing between the parties." *Gruenberg*, 9 Cal.3d at 577, 108 Cal.Rptr. 480.

The "implied covenant of good faith and fair dealing is limited to assuring compliance with the express terms of the contract, and cannot be extended to create obligations not contemplated by the contract." *Pasadena Live, LLC v. City of Pasadena*, 114 Cal.App.4th 1089, 1093-1094, 8 Cal.Rptr.3d 233 (2004) (citation omitted.) "Without a contractual relationship, [plaintiffs] cannot state a cause of action for breach of the implied covenant." *Smith*, 225 Cal.App.3d at 49, 275 Cal.Rptr. 17. As a non-party to the insurance contract, non-insurers "are not, as such, subject to an implied duty of good faith and fair dealing." *Gruenberg*, 9 Cal.3d at 576, 108 Cal.Rptr. 480.

1   As noted above, Truck is not a party to an insurance contract with plaintiffs.  In the absence of

2   a contractual relationship, Truck is not subject to an implied covenant of good faith and fair dealing.

3   Truck is not subject to obligations contemplated by a contract to which it is not a party.  The record

4   reveals that Truck is a non-insurer and thus not subject to plaintiffs' claims.  Plaintiffs' lack of

5   opposition is a concession that their bad faith claim fails as to Truck.

6   ### DEFENDANTS' F.R.Civ.P. 12(f) MOTION TO STRIKE

7   Defendants seek to strike allegations that they issued the Gill Bros. CGL policy and punitive

8   damages allegations.

9   ### F.R.Civ.P. 12(f) Standards

10   F.R.Civ.P. 12(f) empowers a court to strike from a pleading "any redundant, immaterial,

11   impertinent, or scandalous matter."  Motions to strike may be granted if "it is clear that the matter to be

12   stricken could have no possible bearing on the subject matter of the litigation." *LeDuc v. Kentucky*

13   *Central Life Ins. Co.*, 814 F.Supp. 820, 830 (N.D. Cal. 1992); *Colaprico v. Sun Microsystems, Inc.*, 758

14   F.Supp. 1335, 1339 (N.D. Cal. 1991). "[T]he function of a [F.R.Civ.P.] 12(f) motion to strike is to avoid

15   the expenditure of time and money that must arise from litigating spurious issues by dispensing with

16   those issues prior to trial."  *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983);

17   *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, *Fogerty v.*

18   *Fantasy, Inc.*, 510 U.S. 517, 114 S.Ct. 1023 (1994). .

19   An "immaterial" matter has no essential or important relationship to the claim for relief or

20   defenses pleaded. *Fantasy, Inc.,* 984 F.2d at 1527; *Gilbert v. Eli Lilly & Co., Inc.*, 56 F.R.D. 116, 120,

21   n. 5 (D. P.R. 1972); *Fleischer v. A.A.P., Inc.*, 180 F.Supp. 717 (D. Pa. 1958).  An "impertinent"

22   allegation is neither responsive nor relevant to the issues involved in the action and which could not be

23   put in issue or given in evidence between the parties. *Gilbert*, 56 F.R.D. at 120, n. 6; *Burke v. Mesta*

24   *Mach. Co.*, 5 F.R.D. 134 (D. Pa. 1946).  An "impertinent" matter consists of statements that do not

25   pertain and are unnecessary to the issues in question. *Fantasy, Inc.*, 984 F.2d at 1527.

26   Matters may be stricken to reduce trial complication or if challenged allegations are so unrelated

27   to plaintiff's claims to be unworthy of consideration as a defense and their presence in the pleading will

28   prejudice the party seeking to strike matters. *Fantasy, Inc.*, 984 F.2d at 1527.  "[A] motion to strike may

be used to strike any part of the prayer for relief when the damages sought are not recoverable as a matter of law." *Bureerong v. Uvawas*, 922 F.Supp. 1450, 1479, n. 34 (C.D. Cal. 1996).  With these standards in mind, this Court turns to defendants' attack on the Gill Bros. CGL policy and punitive damages claims.

## Certificate Of Insurance

The complaint alleges that the certificate of insurance attached as Exhibit C supports that defendants issued the Gill Bros. CGL policy no. SGL180710**5**.  The Exhibit C certificate of insurance references policy no. SGL180710**3**.  The complaint fails to attach policy no. SGL180710**5**.

Defendants argue the Exhibit C certificate of insurance fails to support that the Gill Bros. CGL policy no. SGL180710**5** was issued.  Defendants note that a certificate of insurance does not establish policy issuance and point to California Insurance Code section 384(a), which provides:

> A certificate of insurance or verification of insurance provided as evidence of insurance in lieu of an actual copy of the insurance policy shall contain the following statements or words to the effect of:
>
> This certificate or verification of insurance is not an insurance policy and does not amend, extend or alter the coverage afforded by the policies listed herein. Notwithstanding any requirement, term, or condition of any contract or other document with respect to which this certificate or verification of insurance may be issued or may pertain, the insurance afforded by the policies described herein is subject to all the terms, exclusions and conditions of the policies.

"A certificate of insurance is merely evidence that a policy has been issued. (Ins. Code, § 384.) It is not a contract between the insurer and the certificate holder." *Empire Fire & Marine Ins. Co. v. Bell*, 55 Cal.App.4th 1410, 1423, n. 25, 64 Cal.Rptr.2d 749 (1997).

Defendants conclude that allegations that the Exhibit C certificate of insurance creates insurance obligations should be stricken.

The complaint's Exhibit C contradicts that Gill Bros. CGL policy no. SGL180710**5** was issued. Exhibit C does not give rise to a policy to support plaintiffs' claims.  Plaintiffs offer nothing to evidence issuance of Gill Bros. CGL policy no. SGL180710**5**, and absence of plaintiffs' opposition suggests that plaintiffs lack claims arising from issuance of Gill Bros. CGL policy no. SGL180710**5**.  As such, allegations addressing Gill Bros. CGL policy no. SGL180710**5** should be stricken.

**Punitive Damages**

Defendants argue that the complaint's punitive damages allegations lack sufficient specificity of defendants' alleged misconduct to support punitive damages.

### *General Pleading Requirements*

California Civil Code section 3294 ("section 3294") provides that in an action "for breach of an obligation not arising from contract," a plaintiff may seek punitive damages "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." Cal. Civ. Code, § 3294(a).

"Although the court will apply the substantive law embodied in section 3294, 'determinations regarding the adequacy of pleadings are governed by the Federal Rules of Civil Procedure.'" *Jackson v. East Bay Hosp.*, 980 F.Supp. 1341, 1353 (N.D. Cal. 1997).

Punitive damages are "available to a party who can plead and prove the facts and circumstances set forth in Civil Code section 3294." *Hilliard v. A.H. Robbins Co.*, 148 Cal.App.3d 374, 392, 196 Cal.Rptr. 117 (1983). "To support punitive damages, the complaint . . . must allege ultimate facts of the defendant's oppression, fraud, or malice." *Cyrus v. Haveson*, 65 Cal.App.3d 306, 316-317, 135 Cal.Rptr. 246 (1976). Pleading the language in section 3294 "is not objectionable when sufficient facts are alleged to support the allegation." *Perkins v. Superior Court*, 117 Cal.App.3d 1, 6-7, 172 Cal.Rptr. 427 (1981).

In *G.D. Searle & Co. v. Superior Court*, 49 Cal.App.3d 22, 29, 122 Cal.Rptr. 218 (1975), the California Court of Appeal explained punitive damages pleading:

> When the plaintiff alleges an intentional wrong, a prayer for exemplary damage may be supported by pleading that the wrong was committed willfully or with a design to injure. . . . When nondeliberate injury is charged, allegations that the defendant's conduct was wrongful, willful, wanton, reckless or unlawful do not support a claim for exemplary damages; such allegations do not charge malice. . . . When a defendant must produce evidence in defense of an exemplary damage claim; fairness demands that he receive adequate notice of the kind of conduct charged against him. (Citations omitted.)

"Allegations that the acts . . . were 'arbitrary, capricious, fraudulent, wrongful and unlawful,' like other adjectival descriptions of such proceedings, constitute mere conclusions of law . . ." *Faulkner v. California Toll Bridge Authority*, 40 Cal.2d 317, 329, 253 P.2d 659 (1953); *see Letho v. Underground Construction Co.*, 69 Cal.App.3d 933, 944, 138 Cal.Rptr. 419 (1997) (facts and circumstances of fraud should be set out clearly, concisely, and with sufficient particularity to support punitive damages); *Smith*

*v. Superior Court*, 10 Cal.App.4th 1033, 1042, 13 Cal.Rptr.2d 133 (1992) (punitive damages claim is insufficient in that it is "devoid of any factual assertions supporting a conclusion petitioners acted with oppression, fraud or malice."); *Brousseau v. Jarrett*, 73 Cal.App.3d 864, 872, 141 Cal.Rptr. 200 (1977) ("conclusory characterization of defendant's conduct as intentional, willful and fraudulent is a patently insufficient statement of 'oppression, fraud, or malice, express or implied,' within the meaning of section 3294").

### Substantive Allegations

"Evidence that an insurer has violated its duty of good faith and fair dealing does not thereby establish that it has acted with the requisite malice, oppression or fraud to justify an award of punitive damages." *Mock v. Michigan Millers Mutual Ins. Co.*, 4 Cal.App.4th 306, 328, 5 Cal.Rptr.2d 594 (1992). Required conduct to award punitive damages for the tortious breach of contract "is of a different dimension" than that required to find bad faith. *Shade Foods, Inc. v. Innovative Products Sales & Marketing, Inc.*, 78 Cal.App.4th 847, 890, 93 Cal.Rptr.2d 364 (2000) (quoting *Tomaselli v. Transamerica Ins. Co.*, 25 Cal.App.4th 1269, 1286, 31 Cal.Rptr.2d 433 (2000)). An insurer's "inept and negligent handling of a claim" does not support a punitive damages claim. *Patrick v. Maryland Casualty Co.*, 217 Cal.App.3d 1566, 1576, 267 Cal.Rptr. 24 (1990); *see Tomaselli v. Transamerica Ins. Co.*, 25 Cal.App.4th 1269, 1288, 31 Cal.Rptr.2d 433 (1994) (poor claims handling does not warrant need "to punish for the maintenance of evil policies which damage the public in general").

"Under California law, punitive damages are not available for breaches of contract no matter how gross or willful." *Tibbs v. Great American Ins. Co.*, 755 F.2d 1370, 1375 (9th Cir. 1985). "Although a bad faith refusal to defend may constitute a breach of the implied covenant . . ., bad faith does not necessarily indicate the presence of malice, oppression or fraud." *Tibbs*, 755 F.2d at 1375 (citations omitted). "There must be substantial evidence of intent to vex, injure and annoy, a conscious disregard of plaintiff's rights, before punitive damages may be awarded." *Betts v. Allstate Insurance Co.*, 154 Cal.App.3d 688, 709, 201 Cal.Rptr. 528, 540 (1984).

Insurer actions which are "negligent (failing to follow up information provided by the insured), overzealous (taking an unnecessary deposition under oath of the insured), legally erroneous (relying on an endorsement which was not shown to have been delivered), and callous (failing to communicate)"

10

1    are not "evil, criminal, recklessly indifferent to the rights of the insured, or with a vexatious intention

2    to injure." *Tomaselli*, 25 Cal.App.4th at 1288, 31 Cal.Rptr.2d 433.

3           Punitive damages are never awarded as a matter of right, are disfavored by the law, and should

4    be granted with the greatest of caution and only in the clearest of cases. *Henderson v. Security Pacific*

5    *National Bank*, 72 Cal.App.3d 764, 771, 140 Cal.Rptr. 388 (1977).

6                                    ***Malice, Oppression Or Fraud***

7           Defendants contend that the complaint lacks sufficient allegations of malice, oppression or fraud

8    to impose punitive damages.

9           Section 3294(c)(1)–(3) defines:

10          1.     "Malice" as "conduct which is intended by the defendant to cause injury to the plaintiff

11                 or despicable conduct which is carried on by the defendant with a willful and conscious

12                 disregard of the rights and safety of others";

13          2.     "Oppression" as "despicable conduct that subjects a person to cruel and unjust hardship

14                 in conscious disregard of that person's rights"; and

15          3.     "Fraud" as "an intentional misrepresentation, deceit, or concealment of a material fact

16                 known to the defendant with the intention on the part of the defendant of thereby

17                 depriving a person of property or legal rights or otherwise causing injury."

18          "'Despicable conduct" is conduct which is so vile, base, contemptible, miserable, wretched or

19   loathsome that it would be looked down upon and despised by ordinary decent people." *Mock*, 4

20   Cal.App.4th at 331, 5 Cal.Rptr.2d 594. "Such conduct has been described as '[having] the character of

21   outrage frequently associated with crime.'" *Tomaselli*, 25 Cal.App.4th at 1287, 31 Cal.Rptr.2d 433

22   (quoting *Taylor v. Superior Court,* 24 Cal.3d 890, 894, 157 Cal.Rptr. 693, 598 P.2d 854 (1979)).

23          Defendants note that the complaint alleges that defendants failed to properly investigate

24   plaintiffs' claim but fails to provide details "as to how the investigation was improperly conducted or

25   somehow inadequate." An "insurer's inept and negligent handling of a claim" does not support

26   imposition of punitive damages. *Patrick*, 217 Cal.App.3d at 1576, 267 Cal.Rptr. 24.

27          Defendants further fault the complaint's lack of allegations that defendants acted with intent to

28   "vex, annoy or injure" and lack of "facts showing any purported deceit." Defendants note the absence

1    of allegations that defendants intentionally concealed or misrepresented material facts.   Defendants

2    characterize any alleged misrepresentations as to law which are not actionable "because statements of

3    the law are considered merely opinions and may not be relied upon absent special circumstances not

4    present here." *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 940 (9th Cir. 2006).

5            Although the bad faith claim includes a list of alleged breaches and claims mishandling issues,

6    the bad faith claim lacks sufficient allegations to support punitive damages.   The complaint includes

7    platitudes and a conclusory paragraph which essentially summarizes section 3294 elements.   The

8    complaint lacks ultimate facts of defendants' purported malice, oppression or fraud.   The complaint fails

9    to put defendants on notice of alleged wrongdoing to impose punitive damages on them.   Plaintiffs fail

10   to oppose striking punitive damages allegations.   The complaint fails to allege sufficient acts of malice,

11   oppression or fraud to support punitive damages to warrant striking punitive damages allegations.

12                                    **CONCLUSION AND ORDER**

13           For the reasons discussed above, this Court:

14   1.      DISMISS Truck from this action;

15   2.      DIRECTS the clerk to enter judgment in favor of defendant The American International

16           Group Inc. dba The Truck Insurance Group a division of American International Group

17           Risk Management and against plaintiffs Harninder Gill, Harjinder Gill, Charan Gill,

18           Pakhar Gill, Gurdial Gill, GBTI, Inc. and Gill Bros. Trucking;

19   3.      STRIKES from the complaint allegations addressing Gill Bros. CGL policy no.

20           SGL180710**5** and including the complaint's paragraphs 16-19, Exhibit C and all further

21           allegations in connection with Gill Bros. CGL policy no. SGL180710**5;**

22   4.      STRIKES from the complaint punitive damages allegations, including paragraph 39 and

23           the punitive damages prayer at page 9, line 26; and

24   5.      ORDERS ICSP, no later than August 10, 2009, to file an answer to the complaint's

25           remaining allegations.

26           IT IS SO ORDERED.

27   Dated:   **July 28, 2009**              **/s/ Lawrence J. O'Neill**
                                             UNITED STATES DISTRICT JUDGE
28