# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GBTI, INC.; GILL BROS. TRUCKING, et al., | 1:09cv01173 LJO DLB |
| Plaintiffs, | ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO AMEND |
| v. | (Document 14) |
| INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, et al., | |
| Defendants. | |

Plaintiffs GBTI, Inc., Gill Bros Trucking, Harninder Gill, Harjinder Gill, Charan Gill, Pakhar Gill and Gurdial Gill ("Plaintiffs") filed the instant motion for leave to amend on December 18, 2009. Pursuant to Local Rule 230(g), the Court deemed the matter suitable for decision without oral argument. As discussed below, Plaintiffs' motion for leave to amend is DENIED.

## BACKGROUND

Plaintiffs filed this action on May 29, 2009, in Fresno County Superior Court. On July 2, 2009, Defendants The Insurance Company of the State of Pennsylvania ("ICSOP") and The American International Group Inc. dba The Truck Insurance Group, a Division of American International Group Risk Management ("Truck") removed the action to this Court.

According to the Complaint, in December 2004, Defendants issued to Plaintiff GBTI, Inc. a commercial automobile liability policy for the period of December 15, 2004 to December 15, 2005 (No. SFT407243601) and a commercial general liability policy for the period of December 30, 2004 to December 30, 2005 (No. SGL1807103). In December 2004, Defendants also issued

1

a commercial general liability policy to Gill Bros Trucking (No. SGL1807105) for the period from December 30, 2004 to December 30, 2005.

On August 14, 2005, a commercial tractor-trailer unit owned by Gill Bros. Trucking and operated by GBTI, Inc. was involved in a multi-vehicle accident in Missouri. After the accident, there was a consolidated personal injury action in the Western District of Missouri, Case No. 4:06-cv-00286 (the "Nosker Lawsuit"). In March 2007, Plaintiffs made a formal tender of defense and indemnity of GBTI, Inc. to Defendants. Defendants rejected the request in April 2007, and Plaintiffs were forced to retain private counsel in the Nosker Lawsuit.

The complaint asserts causes of action for breach of contract and breach of the implied covenant of good faith and fair dealing. Plaintiffs seek general, consequential and punitive damages.

On July 10, 2009, Defendants filed a motion to dismiss. Plaintiffs did not file an opposition. On July 29, 2009, the Court ruled on the motion to dismiss. By its order, the Court: (1) dismissed Defendant Truck from the action; (2) directed the Clerk to enter judgment in favor of Defendant Truck and against Plaintiffs; (3) struck allegations in the complaint addressing Gill Bros. Policy no. SGL1807105; (4) struck the punitive damages allegations, including paragraph 39 and the punitive damages prayer at page 9, line 26; and (5) ordered Defendant ICSOP to file an answer to the remaining allegations.

On July 30, 2009, Plaintiffs filed a demand for jury trial.

On July 31, 2009, the Clerk entered judgment pursuant to the Court's order.

On August 10, 2009, Defendant ICSOP filed its answer.

On October 7, 2009, the Court held a scheduling conference. The Court entered a scheduling order on October 10, 2009. Pursuant to the order, the non-expert discovery cut-off is April 1, 2011, and the expert discovery cut-off is May 1, 2011.

On December 18, 2009, Plaintiffs filed the instant motion to amend to state a claim for punitive damages against ICSOP.

On January 15, 2010, Defendant ICSOP opposed the motion, contending that Plaintiffs were improperly attacking the Court's dismissal order.

2

Plaintiffs filed a reply on January 21, 2010.

## **DISCUSSION**

Plaintiffs request an amendment to cure a defect in the original complaint in order to state a claim for punitive damages against Defendant ICSOP pursuant to Federal Rule of Civil Procedure 15. Rule 15(a) provides that the Court "should freely give leave [to amend] when justice so requires." The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962). The Ninth Circuit has summarized the factors to be considered to include the following: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and (4) futility of amendment. Loehr v. Ventura County Cmty. Coll. Dist., 743 F.2d 1310, 1319 (9th Cir. 1984). Granting or denial of leave to amend rests in the sound discretion of the trial court. Swanson v. United States Forest Serv., 87 F.3d 339, 343 (9th Cir. 1996). Despite the policy favoring amendment under Rule 15, leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal. Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991).

Defendant ICSOP argues that Plaintiffs are improperly attacking the Court's Order by attempting to state a claim for punitive damages after the Court previously ordered that Plaintiffs' initial allegations be struck from the Complaint.[1] The Court agrees.

Assuming, without deciding, that Plaintiffs' Fed. R. Civ. P. 15 motion is procedurally correct, it is substantively deficient due to prejudice, bad faith, futility of amendment and lack of

---

[1] The proposed FAC names Truck in the caption and in the opening paragraph, and also references "defendants" throughout the pleading. ICSOP argues that the motion to amend to include Truck is procedurally improper and Plaintiffs should have filed a motion to modify, alter or amend the Judgment pursuant to Fed. R. Civ. P. 59 or 60. In reply, Plaintiffs assert that the FAC alleges two causes of action against ICSOP, as evidenced by the headings under each cause of action. Plaintiffs are willing to remove any reference to Truck's name contained within the general factual allegations of the FAC if necessary. As the Court is denying leave to amend and Truck has been dismissed from the action, additional amendment is not required.

diligence.  See Loehr, 743 F.2d at 1319 (identifying factors courts consider as undue delay, prejudice, bad faith and futility).

### 1. Prejudice

Plaintiffs assert that ICSOP will not be prejudiced by the amendment because (1) Defendants have been previously provided notice of Plaintiffs' intent to seek punitive damages; and (2) the deadline for dispositive motions is February 7, 2011.   However, ICSOP has already expended resources to bring a motion to strike the claim for punitive damages.  Plaintiffs did not oppose that motion due to a "calendaring error" and they made no effort to seek relief from the Court for that error.  Accordingly, the Court finds that ICSOP would be prejudiced by having to expend further resources to bring an additional motion to strike or dismiss or to broaden discovery for purposes of a dispositive motion regarding punitive damages after the allegations were struck from the original complaint.

### 2. Futility

The Court also finds that the request to amend is futile.  In its Order, the Court struck the original punitive damages allegations, including paragraph 39.  In the proposed FAC, Plaintiffs restate the same paragraph that the Court previously struck.  FAC, ¶ 35.  Plaintiffs additional proposed amendments appear to be merely a re-wording of the previous allegations.  For example, in the original complaint, Plaintiffs alleged that Defendants were liable for "[u]nreasonably and in bad faith failing to fairly and promptly conduct an independent investigation and analysis of the potential for coverage under any of the Policies as applied to the underlying action brought by the Noskers against the Plaintiffs."  Complaint, ¶34.c.  The proposed FAC alleges that Defendants are liable for "[w]illfully failing to conduct a full, complete, and unbiased investigation of the potential for coverage under the Policies in regards to the underlying action brought by the Noskers against the Plaintiffs in conscious disregard of Plaintiffs rights to a defense under the Policies."  FAC, ¶30.a.  The Court already has addressed the sufficiency of Plaintiffs' punitive damages allegations and found them lacking ultimate facts of Defendants'

purported malice, oppression or fraud.  Plaintiffs have not asserted any new factual allegations in the proposed FAC.

3.  Bad Faith

Plaintiffs assert that they have not sought leave to amend to delay the matter in bad faith. The Court disagrees and finds that the motion is brought in bad faith.  Plaintiffs are attempting to allege a claim for punitive damages that the Court expressly struck from the original complaint. Plaintiffs did not oppose the motion to strike and they have made no attempt to amend or to seek relief from the Court's July 2009 Order.

ICSOP asserts that to challenge the Court's order striking punitive damages, Plaintiffs should have filed a motion for reconsideration, not a motion to amend.  Even if the instant motion is treated as one for reconsideration, however, it does not satisfy procedural requirements.  Local Rule 78-230(j) requires, in part, that a motion for reconsideration set forth "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion." Local Rule 78-230(j).  Here, there are no allegations pled by Plaintiffs indicating any new or different facts or circumstances that were not shown or available to them at the time of the motion to dismiss and strike.  As noted, the allegations in the proposed FAC are primarily a re-wording and/or combining of the Complaint's original allegations.

ICSOP also asserts that the motion is insufficient to constitute a Fed. R. Civ. P. 60(b) motion for relief.  Rule 60(b) provides that on a motion, the court:

> may relieve a party or its legal representative from a final judgment, order or proceeding for the following reasons:
>
> > (1) mistake, inadvertence, surprise, or excusable neglect;
> > (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> > (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> > (4) the judgment is void;
> > (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Plaintiffs have presented no evidence to support a modification or amendment of the existing order. They provide no facts to explain the failure to file an opposition to the motion to strike due to a calendaring error, to explain what efforts were made to address the failure upon learning an error occurred or to explain why they waited five months after the Court's order to file the instant motion. The failure to timely file a pleading does not constitute excusable neglect. See, e.g., <u>Meadows v. Dominican Republic</u>, 817 F.2d 517, 521-22 (9th Cir. 1987) (failure to answer not considered excusable neglect where party was aware of legal consequences).

       4. Lack of Diligence (Undue Delay)

       While the Ninth Circuit considers delay alone to provide an insufficient basis for denying leave to amend or supplement, it is a relevant factor for courts to consider. <u>Loehr</u>, 743 F.2d at 1319-20. Here, Plaintiffs have not been diligent in seeking amendment. They filed the complaint on May 27, 2009, the Order striking the punitive damage claim was filed July 29, 2009, and judgment entered on July 31, 2009. Approximately five months lapsed before Plaintiffs filed the instant motion. The motion also was filed more than two months after the October 7, 2009 scheduling conference. Plaintiffs do not explain why they did not request modification of the Court's July 2009 order or why they waited until December 2009 to request leave to amend. They also have not asserted that there are any new facts that were unavailable to them at the time of the original complaint or at the time of the motion to strike.

**<u>ORDER</u>**

       For the above reasons, the Court DENIES Plaintiffs' motion for leave to amend.

IT IS SO ORDERED.

**Dated:   February 1, 2010**                **/s/ Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE