Patrick Fredette, # 207284
patrick.fredette@mccormickbarstow.com
McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
Scripps Center , Suite 1050
312 Walnut Street
Cincinnati, OH 45202
Telephone:   (513) 762-7520
Facsimile:    (513) 762-7521

Jay A. Christofferson, # 203878
jay.christofferson@mccormickbarstow.com
Timothy R. Sullivan, # 128467
tim.sullivan@mccormickbarstow.com
McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
P.O. Box 28912
5 River Park Place East
Fresno, CA 93720-1501
Telephone:   (559) 433-1300
Facsimile:    (559) 433-2300

Attorneys for Defendants
INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA; THE AMERICAN INTERNATIONAL GROUP INC. dba THE TRUCK INSURANCE GROUP A DIVISION OF AMERICAN INTERNATIONAL GROUP RISK MANAGEMENT

(SPACE BELOW FOR FILING STAMP ONLY)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| GBTI INC; GILL BROS TRUCKING; Harninder Gill, Harjinder Gill; Charan Gill; Pakhar Gill and Gurdial Gill,<br><br>Plaintiffs,<br><br>v.<br><br>INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA; THE AMERICAN INTERNATIONAL GROUP INC. dba THE TRUCK INSURANCE GROUP A DIVISION OF AMERICAN INTERNATIONAL GROUP RISK MANAGEMENT and DOES 1 through 50,<br><br>Defendants. | Case No.  1:09-CV-01173-LJO-DLB<br><br>**STIPULATED PROTECTIVE ORDER REGARDING DOCUMENTS PRODUCED BY INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA** |

WHEREAS INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA ("ICSOP") has agreed to produce certain documents responsive to Plaintiffs', GBTI INC., GILL BROS TRUCKING, Harninder Gill, Harjinder Gill, Charan Gill, Pakhar Gill, and Gurdial Gill ("GBTI"), Request for Production of Documents, Set One.

WHEREAS the documents in question contain information that ICSOP considers to be proprietary, private, and/or confidential, the propriety, privacy and confidentiality of which it wishes to maintain.

IT IS HEREBY AGREED THAT:

1. In order to both provide GBTI with information and documents responsive to its Request for Production, Set One, and to protect the proprietary, private and/or confidential nature of the information contained therein, the parties hereby designate the following documents to be "confidential information" for purposes of the above-captioned litigation:

   (a) AIG Domestic Claims Property and Casualty Best Practices;

   (b) AIG Domestic Claims Property and Casualty Claim Handling Guidelines;

   (c) ICSOP Underwriting File Pertaining to Commercial Auto Policy No. SFT 407243601;

   (d) ICSOP Underwriting Guidelines for the issuance of Commercial Automobile Liability Polices;

   (e) ICSOP Underwriting Manuals for the issuance of Commercial Automobile Liability Policies;

   (f) ICSOP Underwriting Reference Materials for the issuance of Commercial Automobile Liability Policies

2. Additional documents and information which are to be considered confidential under this Stipulated Protective Order may be so designated by writing, typing, stamping or otherwise affixing the legend "CONFIDENTIAL" (and such other and further legend as may reasonably be included to specify such confidentiality) on copies of the document(s). Stamping such legend on the cover or first page of any multi-page document shall designate all pages of the

document as confidential, unless otherwise indicated by the producing party. Confidential documents and information may also be so designated after production by written communication specifying what documents are to be so considered.

3. The inadvertent or unintentional disclosure of confidential information shall not be deemed a waiver in whole or in part of a party's claim of confidentiality. Any such inadvertently or unintentionally disclosed confidential information shall be designated as confidential information as soon as reasonably possible after the producing party becomes aware of the inadvertent or unintentional disclosure.

4. Portions of transcripts of depositions in which any confidential information is quoted, paraphrased, discussed or referred to, or in which the subject matter covered by any confidential information is discussed or referred to, shall be subject to the same confidential treatment as provided herein for the underlying confidential information, and shall be designated as confidential. The court reporter will include in the transcripts the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on all pages that have been designated as containing confidential information. Requests for such confidential treatment may be made at the time of the deposition or thereafter. Any deposition exhibits that contain or constitute confidential information shall likewise be so understood and shall not be provided to anyone other than the parties' attorneys and experts, as explained below.

5. Information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" under this Stipulated Protective Order, and any summaries, copies, abstracts or other documents derived in whole or in part from information so designated as confidential, shall be used only by the parties to this action, for the purpose of the prosecution, defense or settlement of the claims asserted in this action, any pre-trial, trial, re-trial and/or appeal of this action, and only in accordance with the provisions of this Stipulated Protective Order. Confidential information shall not be used, directly or indirectly, by any person for any business, commercial or competitive purposes whatsoever.

6. Confidential information produced pursuant to this Stipulated Protective Order may be disclosed, summarized, described or made available only for use in the United States

District Court for the Eastern District of California, Fresno Division, Case No. 1:09-CV-01173 (by the parties thereto, their counsel, clerical and secretarial staff employed by such counsel); to a trier of fact or law in any forum in which the claims asserted in this action may be adjudicated or enforced, and the administrators of that forum; any officer, director or employee of a party deemed necessary by counsel to aid in the prosecution, defense or settlement of this action; experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense or settlement of this action, provided that such consultants or experts execute the form attached hereto as Exhibit A; witnesses testifying at deposition or at the hearing of this matter either during their testimony or in preparation therefor, provided that such persons, consultants or experts execute the form attached hereto as Exhibit A prior to receiving such confidential information; court reporters employed in this action; any person to whom disclosure is reasonably necessary to enforce any award or judgment rendered against any party in this proceeding; any other person ordered by the Court or as to whom all parties in writing agree; court personnel, including court reporters, and any special master or mediator appointed by the Court or the parties; and any independent document production services or document recording and retrieval services.

7. If any confidential information is lodged or filed with the Court as part of a motion, brief, or other pleading, that information shall be filed in compliance with Local Rules 140(d) and 141.

8. At any hearing or proceeding in which any document covered by this Stipulated Protective Order is referred to, revealed or discussed, either party may require that the hearing or proceeding be conducted in chambers, except when presented to the trier of fact during trial. Any records made of such proceedings shall also be sealed pursuant to the provisions of Paragraph 7 above, until further order of the Court, if any.

9. On the request of any party, any person who is not a qualified person described in Paragraph 6, above, shall be excluded from any deposition during the period in which confidential information is used, referred to or discussed.

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

3

STIPULATED PROTECTIVE ORDER

10. All documents produced in this proceeding pursuant to the terms of this Stipulated Protective Order shall be used by the party to whom such documents are produced solely for purposes of the resolution of the claims asserted in this action, any pre-trial, re-trial and appeal of this action and for no other purpose.

11. This Stipulated Protective Order is for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in their process. Nothing in this Stipulated Protective Order, nor the production of any information or document under the terms of this Stipulated Protective Order nor any proceedings pursuant to this Stipulated Protective Order shall be deemed to have the effect of an admission or waiver by any party or altering the confidentiality or non-confidentiality of any confidential information or have the effect of creating any new obligation or altering any existing obligation of any party.

12. Counsel for the parties agree to meet and confer and to attempt in good faith to resolve any disputes that may arise concerning the proper interpretation or application of this Stipulated Protective Order.

13. This Stipulated Protective Order shall in no way affect or impair the right of any party to compel discovery or to raise or assert any defense or objection, including but not limited to defenses or objections to the discovery of such confidential information as contemplated herein, or to the use, relevance or admissibility of the confidential information at trial or in any other proceeding in the trial court or on appeal of this action only.

14. This Stipulated Protective Order shall survive the final termination of this action and the Court shall retain jurisdiction to enforce, construe or modify its terms. Within forty-five (45) days following final disposition of this action, counsel for GBTI shall assemble and return to ICSOP all confidential information, including all copies of same, except counsel shall be permitted to retain for their respective files (i) copies of all papers and documents filed with the Court and (ii) their work product, such as pleadings, correspondence and memoranda, which contain or refer to confidential discovery matter, provided that all such confidential discovery matter and work product shall remain subject to this Stipulated Protective Order.

15. Confidential information must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

Dated: August 23, 2010

**WILD, CARTER & TIPTON**
A Professional Corporation

By */s/ Amy R. Lovegren-Tipton*
AMY R. LOVEGREN-TIPTON
Attorneys for GBTI, INC.; GILL BROTHERS TRUCKING; Harninder Gill; Harjinder Gill; Charan Gill; Pakhar Gill and Gurdial Gill

Dated: August 23, 2010

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By:    */s/ Jay A. Christofferson*
Patrick Fredette
Jay A. Christofferson
Timothy R. Sullivan
Attorneys for Defendant
INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA

1 **<u>ORDER</u>**

2 The above hereby becomes the PROTECTIVE ORDER of the Court.

3 27 August 2010     /s/ *Dennis L. Beck*

4     U.S. Magistrate Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "A"

## ACKNOWLEDGEMENT AND PROMISE OF CONFIDENTIALITY

I, _____, declare as follows:

1. I have received a copy of the **PROTECTIVE ORDER** regarding confidential information in the action entitled *GBTI, Inc. et al. v. Insurance Company of the State of Pennsylvania et al.*, filed in the United States District Court, Eastern District of California, Fresno Division, Case No. 1:09-CV-01173.

2. I will comply with all of the provisions of the **PROTECTIVE ORDER**. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the **PROTECTIVE ORDER**, and will not copy or use except for purposes of the litigation, any information designated **"Confidential."**

3. I will return any materials received under this **PROTECTIVE ORDER** at the conclusion of the instant case, to the party or its counsel who originally disclosed such material. I will not make any unnecessary copies of materials or otherwise disclose materials to any third parties.

I declare under penalty of perjury under the laws of the United States and the State of California that the forgoing is true and correct and that this **ACKNOWLEDGEMENT AND PROMISE OF CONFIDENTIALITY** was executed on the _____ day of _____ in _____.

_____

03704/00089-1586700.v1